LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818)478-2822
Email: Ldell@Louisdell.com

Attorney for Plaintiffs,
JANEY BROWN, BING GUO, JUNXIAN ZHANG

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANEY BROWN, BING GUO, JUNXIAN ZHANG,<br><br>           Plaintiffs,<br><br>vs.<br><br>DURINGER LAW GROUP, PLC, STEPHEN C. DURINGER, PETER WONG, JUDY WONG, and DOES 1-10,<br>           Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL |

Plaintiffs, JANEY BROWN, BING GUO, and JUNXIAN ZHANG, by their attorney, states as follows:

## INTRODUCTION

1. This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692,

*et seq*.] and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") [Cal. Civ. Code § 1788, *et seq*.] each of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." (15 U.S.C. 1692(e)) Non-compliance will subject the debt collector to civil liability. 15 U.S.C. § 1692k.

3. The California Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. (Cal. Civ. Code § 1788.1(a)(i).) The Legislature found that unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Non-compliance will subject the debt collector to civil liability. (Cal. Civ. Code § 1788.30)

4. These Acts are manifestly remedial measures, intended for the protection of the consumer and they should be given a construction calculated to bring its benefits into action. This is also an action for the tort of fraud.

## JURISDICTION

5. This court has jurisdiction under the provisions of FDCPA, 15 U.S.C. § 1692k(d), and supplemental jurisdiction over any state law claims asserted herein.

## PARTIES

6. Plaintiff JANEY BROWN is a natural person, and resides in the State of California, County of Los Angeles.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

7. Plaintiff BING GUO is a natural person, and resides in the State of California, County of Los Angeles.

8. Plaintiff JUNXIAN ZHANG is a natural person, and resides in the State of California, County of Los Angeles.

9. Defendant, DURINGER LAW GROUP, PLC, is a debt collection law firm. The headquarters of this defendant is 181 S. Old Springs Rd., 2nd Floor, Anaheim Hills, CA 92808.

10. Defendant STEPHEN C. DURINGER is an attorney, licensed by the State of California. This defendant is owner/member of co-defendant Duringer Law Group, PLC.

11. Defendant PETER WONG is a natural person, and resides in the State of California, County of Los Angeles.

12. Defendant JUDY WONG is a natural person, and resides in the State of California, County of Los Angeles.

13. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 - 10, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to plaintiff as hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

14. Each of the defendants are persons who use instrumentalities of interstate commerce or the mails for the principal purpose of collecting debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. This also includes taking or threatening to take any nonjudicial action to effect dispossession or disablement of property. These persons are debt collectors under FDCPA. (15 U.S.C. § 1692a(6)) & § 1692f(6)).

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

15. Each of the defendants, in the ordinary course of business, regularly, on behalf of himself or herself or others, engage in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection. These defendants are debt collectors under the Rosenthal Act (Cal. Civ. Code § 1788.2(c).

16. These defendants were attempting to collect a "consumer debt" including money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction as defined under the Rosenthal Act (Cal. Civ. Code § 1788.2(f)). These consumer debts arose out of a "consumer credit transaction" as a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." (Cal. Civ. Code § 1788.2(f))

17. Plaintiff is informed and believes and thereupon allege that each defendant is an agent or principal of each other defendant, that all acts were done at the instance and/or behest of each other defendant, and that all acts complained of were ratified by each other defendant.

18. For the purpose of this lawsuit, unless otherwise indicated, "defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant(s) named in this caption.

19. Plaintiff makes these allegations on information and belief, except for those allegations that pertain to a plaintiff, or to the plaintiff's counsel, which the plaintiff alleges on personal knowledge.

## FACTUAL ALLEGATIONS

20. As described herein, each of the defendants engaged in collection of debt(s) allegedly owed by the plaintiff, including, but not limited to, a money judgment, and collection costs including attorney fees, paralegal, investigation, and process server costs, and accruing interest thereon.

21. Defendants Duringer Law Group, PLC and Stephen C. Duringer (collectively" Duringer) are each debt collectors under the FDCPA and Rosenthal Acts. Their website states: "The Duringer Law Group collects when others can't our firm is routinely retained by other law firms to collect there most difficult cases. Our expertise in asset location, litigation and enforcement of judgments is absolutely unmatched."

22. Defendants Peter Wong and Judy Wong (collectively, "Wongs") are formerly the landlord of the plaintiffs.

23. The Wongs and Duringer filed an unlawful detainer lawsuit against the plaintiffs herein in the case *Wong v. Guo, et al.*, Los Angeles Superior Court Case no. 10UV0423. Judgment was entered in favor of the Wongs against the plaintiffs herein for a total amount of $2,705.00.

24. On February 3, 2020, the defendants sought to renew the judgment and to obtain a writ of execution to levy of the plaintiffs' bank accounts. The defendants filed and served a Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest which alleged accrued interest of $2,570 and collection costs of $2,592.00 which were added to the renewed judgment bringing the total owed to $7,912.00.

25. In August 2020, the defendants levied on defendant Janey Brown's bank account the total amount of $8,129.57 which fully satisfied the amount owing on the renewed judgment.

26. Even though the judgment was satisfied in full, on October 1, 2020, the defendants filed and served another Memorandum of Costs After

Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest which claimed accrued interest of $2,750 and collection costs of $3,780.00.

27. The defendants claimed duplicate interest and unreasonable collection costs.

**Unlawful Interest and Unreasonable Collection Fees**

28. Each of the debts sought to be collected was subject to the FDCPA and the California Rosenthal Act.

29. Each of the defendants attempted to, and did, impose and collect:
   a. Amounts not owed;
   b. Unreasonable amounts;
   c. Amounts which exceeded what was necessary to defray the costs for which it was levied;
   d. Flat fees and/or liquidated damages which did not reflect actual debt collection costs and expenses actually incurred by the defendants.

30. On information and belief, the agreement, if any, between the Wongs and Duringer and the other defendants was at "no cost", i.e., it did not provide that the Wongs would be ultimately responsible for the charges. Alternatively, if the agreement did make the Wongs ultimately responsible for the collection costs, it was not enforced and was in "name only" for the purpose of make it seem like the costs were reasonable because the Wongs were liable for the costs by agreement. Either way, the Wongs did not pay the Duringer for any services rendered as to the collection of the plaintiffs' debt.

**FDCPA Violations**

31. The foregoing acts and omissions constitute violations of the FDCPA, 15 U.S.C. § 1692 et seq. including but not limited to:

    a. Violations of § 1692e by using false, deceptive or misleading representations or means in connection with the collection of a debt.

    b. Violations of § 1692e(2) falsely representing the character, amount, or legal status of any debt.

    c. Violations of § 1692e(5) by threatening to take any action that cannot legally be taken or is not intended to be taken.

    d. Violations of § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    e. Violations of § 1692f by the use of any unfair or unconscionable means to collect or attempt to collect any debt.

    f. Violations of § 1692g by the failure to adequately disclose the right of verification.

    g. Violations of § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse, any person in connection with collection of a debt. Each of the defendants' actions taken as a whole, as described in this lawsuit, was harassing, oppressive, and abusive.

32. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**Damages**

33. As a direct and proximate result of all acts, omissions, and consequences thereof, each Plaintiff is entitled to statutory damages.

34. Each Plaintiff has suffered actual damages including pecuniary loss, risk or actual damage to credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he/she would have been able to obtain had the defendants not so acted. Each Plaintiff has abstained from applying for credit, and/or had adverse action taken on existing bank accounts and/or were denied credit. Each plaintiff fears more levies on bank accounts and other property for money not owed. Each suffered emotional distress, including but not limited to anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, irritability, inability to concentrate, loss of sleep, nightmares, daily worry, headaches, and malaise.

### FIRST CAUSE OF ACTION
### (Violation of the FDCPA)

35. Paragraphs 1-34 of this complaint are alleged in this cause of action.

36. This cause of action is asserted against Defendants Duringer Law Group, PLC, Stephen C. Duringer, and DOES 1-10.

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to each and every one of the above-cited of the FDCPA, 15 U.S.C. § 1692 et seq.

38. The violations are among the defendants' practices towards numerous consumers, such as Plaintiff, for which the defendants are motivated by enhanced collection revenues.

39.   Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every FDCPA violation described in this complaint under 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
## (Violation of the California Rosenthal Act)

40.   Paragraphs 1-34 of this complaint are alleged in this cause of action.

41.   This cause of action is asserted against Peter Wong, Judy Wong, and Duringer Law Group, PLC, Stephen C. Duringer, and DOES 1-10.

42.   The foregoing acts and omissions constitute violations of the California Rosenthal Act, Cal. Civ. Code § 1788 et seq.

43.   The violations are among the defendants' practices towards numerous consumers, such as Plaintiff, for which the defendants are motivated by enhanced collection revenues.

44.   Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every violation described in this complaint under Cal. Civ. Code § 1788.30.

**PRAYER FOR RELIEF**

WHEREFORE, each of the plaintiffs pray for judgment against each of the defendants as follows:

AS TO THE FIRST CAUSE OF ACTION against Duringer Law Group, PLC, Stephen C. Duringer, and DOES 1-10:

1.   Actual damages according to proof;

2.   Statutory damages of no less than $1,000 for each violation;

3.   Reasonable attorney fees;

4.   Costs of suit; and

5.  For such further relief as the court may deem just and equitable.

AS TO THE SECOND CAUSE OF ACTION against Peter Wong, Judy Wong, and Duringer Law Group, PLC, Stephen C. Duringer, and DOES 1-10:

1.  Actual damages according to proof;
2.  Statutory damages of no less than $1,000 for each violation;
3.  Reasonable attorney fees;
4.  Costs of suit; and
5.  For such further relief as the court may deem just and equitable.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: December 2, 2020          Law Office of Louis P. Dell

/s/ Louis P. Dell
Attorney for Plaintiffs,
JANEY BROWN, BING GUO,
JUNXIAN ZHANG

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL